

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

07 FEB -9 PM 2: 24

| | | |
|---|---|---|
| Jesse Deel<br>52180 Portman Road<br>Amherst, OH 44001<br><br>Plaintiff<br><br>vs.<br><br><br>REGIONAL ADJUSTMENT BUREAU<br>7000 Goodlett Farms Parkway<br>Memphis TN 38016<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. **1:07CV 373**<br><br>COMPLAINT<br><br>**JUDGE ALDRICH**<br><br>**MAG. JUDGE BAUGHMAN** |

\*\*\*\*\*\*\*\*\*\*

The Complaint of JESSE DEEL by her attorneys, UAW-Ford Legal Services Plan, is as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 USC 1692, et. seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 USC 1692k(d) and 28 USC 1331.

### PARTIES

3. Plaintiff JESSE DEEL is a natural person currently residing in Amherst, OH and is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

4. Defendant REGIONAL ADJUSTMENT BUREAU ("Defendant") is a Tennessee corporation with its principal place of business located in Memphis Tennessee. The Defendant regularly attempts to collect consumer debts asserted to be due another.

## FACTS

5. Defendant communicated by letter with Plaintiff in an attempt to collect a consumer debt allegedly due an underlying creditor on or about July 10, 2004, January 6, 2005, and August 24, 2006. Exhibit A, B, and C.

6. Defendant also communicated by telephone with Plaintiff in an attempt to collect an alleged consumer debt during the following period: from July 2004 through November 2006.

7. Plaintiff notified Defendant in writing that Plaintiff wished the debt collector to cease further communication on or about July 26, 2004 and on September 22, 2006.

8. Despite the notification by Plaintiff that Plaintiff wished the debt collector to cease communication, Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt.

9. Plaintiff or Plaintiff's attorney notified Defendant in writing that the debt was disputed and verification requested on or about July 26, 2004 and on September 22, 2006.

10. Despite the notification by Plaintiff that the debt was disputed and verification was requested, Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt before providing the requested verification.

11. Defendant was notified on or about July 26, 2004 and on September 22, 2006 by certified letter that Plaintiff was represented by an attorney regarding the alleged debt.

12. Despite the notification of attorney representation, Defendant communicated directly to the Plaintiff in an attempt to collect the alleged debt.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff realleges and incorporates by reference all of the above paragraphs.

14. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the Fair Debt Collection Practices Act, 15 USC 1692 et. seq., including, but not limited to, the following:

    A. Failing to cease communication as required after notice from the Plaintiff. 15 USC 1962c(c).

    B. Failing to cease collection of the debt until verification is provided after notification in writing of a dispute. 15 USC 1692g(b).

C. Communicating with the Plaintiff, knowing the Plaintiff was represented by an attorney. 15 USC 1692c(a)(2).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

A. Statutory damages, costs and reasonable attorneys' fees pursuant to 15 USC 1692k;

B. Such other and further relief as may be just and proper.

Respectfully Submitted,

JEFFREY LILLY
E-mail: www.jeffreyli@uawlsp.com
Fax: (440) 282-01504
UAW-Ford Legal Services Plan
5300 Baumhart Rd., Ste. 3
Lorain OH 44053
(440) 282-1392